## 9083

### ALTMAN v. CHARLESTON & WESTERN CAROLINA RY. CO.

#### (85 S. E. 157.)

#### PLEADINGS.  ISSUES.  AMENDMENT.

1. PLEADINGS—ISSUES.—Where a complaint alleges that a culvert to drain surface waters was wilfully and mantonly constructed with intent to injure the plaintiff, the issue whether it was negligently constructed does not arise, and should not be submitted to the jury.

2. PLEADINGS—AMENDMENT.—An amendment should not be permitted in an action for an alleged wilful and wanton injury, after the testimony and argument has closed, the jury has been charged and has retired to consider the case, alleging that the injury was also negligently done.

Before GAGE, J., Hampton, October, 1913.    Reversed.

Action by Adele Altman against Charleston & Western Carolina Railway Company. From a judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. F. B. Grier* and *J. W. Manuel,* for appellant, submit: *Where action is brought solely on the theory of a wilful, wanton and intentional wrong, it is error to allow a recovery for mere negligence:* 61 S. C. 170. *The defendant here only exercised its legal rights to protect its road from surface water:* 62 S. C. 18; 54 S. C. 242; 62 S. C. 25; 87 S. C. 415. *Amendment introduced an entirely different action from that which defendant was called to answer:* 64 S. C. 491. *The measure and kind of damages:* 75 S. C. 299; 69 S. C. 332; 72 S. C. 262; 54 S. C. 498; 65 S. C. 444; 69 S. C. 445. *Plaintiff having elected to sue upon one cause of action should not be allowed to recover upon another:* 84 S. C. 60; 45 S. C. 278; 55 S. C. 483. *The amendment substantially changed the cause of action:* Code Civil Proc., sec. 224; 18 S. C. 305; 81 S. C. 574; 84 S. C. 117. *Surface water a common enemy:* 39 S. C. 472; 54 S. C. 242; 61 S. C. 548; 62 S. C. 18; 62 S. C. 25; 87 S. C. 41.

*Messrs. J. W. Vincent* and *T. Hagood Gooding,* for respondent.

April 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case raises but two questions, and may be stated briefly.

The plaintiff alleges that she is the owner of a tract of land lying on the defendant's right of way. That across the railroad on the opposite side, there is an accumulation of surface water. That the defendant put in a culvert under its roadbed and thereby caused the water to pass upon and overflow defendant's land. "That the placing of said culvert under the said track of said defendant by said defendant, causing the damages as aforesaid to plaintiff's land, was totally unnecessary and was done *with intent to injure* this plaintiff in the possession of her said land and in the enjoyment thereof; was done wilfully and wantonly and without regard for the rights of this plaintiff."

The defendant set up a general denial. At the conclusion of the testimony the defendant moved for a direction of a verdict in its favor, on the ground that there was no testimony to sustain a verdict based on wilfulness and wantonness, and the plaintiff was not entitled to a verdict based on negligence. This motion was refused. His Honor allowed the issue of negligence to go to the jury. After the jury retired, his Honor allowed the amendment of the complaint, alleging negligence. The appeal raises two questions. (There are many exceptions.) 1. Was it error to allow the amendment? 2. Can a verdict for negligence be allowed on a complaint that charges only a wilful wrong? These two questions present really one issue. If the complaint will sustain a verdict for negligence, then the amendment was harmless.

The main question is no longer an open one in this State. See- *Proctor* v. *Southern Railway,* 61 S. C. 185-186, 39 S. E. 351:

"Now, in this case there is no allegation whatever that the plaintiff was injured by the ordinary negligence (as the Circuit Judge terms it in his charge) of the defendant, and no fact is alleged which would tend to show such negligence. On the contrary, the allegation is that the defendant did the acts complained of 'with intent to frighten and scare the plaintiff's team and injure the plaintiff wilfully, wantonly and recklessly, and not regarding the rights of the plaintiff in that regard.' This, so far from being an allegation of the want of due care on the part of the defendant, which would constitute 'ordinary negligence,' is, on the contrary, an allegation that the defendant purposely—not negligently —did the acts complained of with intent to injure the plaintiff. So that the practical question presented is whether there was error on the part of the Circuit Judge in instructing the jury that, even if they were not satisfied that the defendant did the acts complained of in the manner and with the intent alleged in the complaint, they still might find for the plaintiff, if they were satisfied that the injuries complained of were due 'to negligence, want of due care, of the railroad company.' It seems to us clear that such an instruction would be erroneous; for it would be in effect saying that, where a defendant is charged with one wrong, the jury may hold him liable, if a wholly different wrong from that charged is proved against him, that if a person is charged with wilful and intentional wrong, and such charge is not sustained by the testimony, still he may be held liable if the jury are satisfied that he has committed an entirely different and distinct wrong with which he is not charged. In other words, that a person who is brought into Court to answer to one charge may be held liable under another and different charge for which he has not been called upon to answer."

The Court goes on to say, "In case where the wrong charged in the complaint is wilful and done with intent to injure the plaintiff (as it is here), contributory negligence on the part of the plaintiff cannot be pleaded as a defense."

It was error to allow the jury to pass upon the question of "ordinary negligence" under this complaint, and 1, 2 also to allow an amendment that changed the cause of action after the pleadings and testimony had closed.

The judgment is reversed.

MR. JUSTICE GAGE, having heard this case on Circuit, did not participate in the consideration of this case.